*ALBANY, August, 1815.*

EXECUTOR OF SALISBURY v. THE HEIRS OF PHILIPS.

—◦✦◦—

SALISBURY's EXECUTOR *against* THE HEIRS OF PHILIPS.

JUDGMENT had been given against the plaintiff, on demurrer to his declaration; (see 10 *Johns. Rep.* 57.) and the question now submitted to the court was, whether he was liable for costs.

If judgment, on demurrer, be given against an executor or administrator, plaintiff, he must pay costs.

*Per Curiam.* This case cannot be distinguished from that of the *Administrators of Kellogg* v. *Wilcox*, (2 *Johns. Rep.* 377.) where it is expressly decided, that if judgment on *demurrer* be given against executors or administrators, plaintiffs, they must pay costs. The correctness of this decision is now called in question; but a little examination will show, that it is well founded. It necessarily arises out of the construction to be given to the 12th section of our act, relative to costs; (1 *N. R. L.* 346.) the terms of which are as broad as language can make it. It contains nothing that could give colour to an exception, as to executors and administrators. The decisions in the *English* courts will not apply, by reason of the different phraseology in our statutes. Under the 2d section of our act, executors and administrators, plaintiffs, when nonsuited, or a verdict obtained against them, would be liable to costs, were it not for the *express exception* in their favour. This exception does not extend to the 12th section, which relates to costs on demurrer.

The *English* statute, (23 *Hen.* 8. *chap.* 15. *sec.* 1.) which gives

ALBANY,
August, 1815.

EXECUTOR OF
SALISBURY
v.
THE HEIRS OF
PHILIPS.

costs against a plaintiff, in case he is nonsuited, or a verdict passes against him, contains *no express exception* in favour of executors and administrators; but they are exempted by an equitable construction of the statute, which would seem to be confined to cases where the *contract*, upon which the suit was brought, was made with the plaintiff: and, according to the early cases, the construction of this statute was, that if the *contract* be not made with the executor or administrator, but with the *testator* or *intestate* whom they represent, then it was not considered an action upon a *contract* supposed to be made with the plaintiff, or any other person, in the language of the act, and so did not apply to executors or administrators. (2 *B. & Pul.* 255.)

The proviso to the statute, (8 & 9 *William* 3.) which relates to costs on demurrer, extends the same equitable construction in favour of executors and administrators which had been given to the statute 23. *Hen.* 8. Neither the 2d or 12th section of our act appears to have any reference, like the *English* statutes, to the immediate *parties to the contract*, upon which the action is founded, but applies to the *action generally*. The 12th section declares, that if *any person* shall prosecute *any action* wherein, upon demurrer, judgment shall be given against the plaintiff, the defendant shall recover costs. If, under the 2d section of our act, executors and administrators, plaintiffs, would be liable to costs when nonsuited, or a verdict obtained against them, were it not for the *express exception* in their favour, it would seem to follow as a necessary consequence, that, under the 12th section, which contains no such exception, they must pay costs where the judgment is against them upon demurrer.

The decisions in the *English* courts are not all reconcileable; and, whether the exposition of their statutes above suggested be sound or not, is unnecessary to say. It is sufficient for us, that our act contains no words that will admit of any such equitable construction, and is too plain and explicit to allow any exception in favour of executors and administrators. The defendant must, accordingly, have judgment for costs.