JOHN ACKLEY. as Executor, etc., Appellant, *v.* FRANKLIN PARMENTER, Respondent.

*108 N Y 227*
*J 144 " 434*
*148 " 88*

The fact that a debtor has placed property in the hands of another, to enable him to raise the means of paying the debt, or to indemnify him if he should choose to pay it out of his own means, does not take a verbal promise by him to the creditor to pay the debt, out of the operation of the statute of frauds.

Nor is the promise validated by the fact that the creditor, at the request of the promisor, in consideration of the promise, grants forbearance or indulgence to the debtor.

To take the case out of the statute there must be a consideration moving to the promisor, either from the creditor or the debtor, and beneficial to him, thus imparting to the promise the characacter of an original undertaking.

Where, therefore, mortgaged premises were advertised for sale under judgment in a foreclosure suit, and at the time and place of sale, the plaintiff adjourned the sale at the request of a third person, and upon his verbal promise that if the adjournment was granted, he would pay the amount due. or would bid off the property at the adjourned day for a sum sufficient to pay plaintiff's claim, and upon his representation that he had received from the mortgagor certain property for the purpose of applying it to, or to indemnify him for, the payment or purchase. *Held,* that conceding the promisor was estopped from disputing the receipt by

him of such property (as to which *quære*), yet that the promise was void under the statute.

(Argued January 22, 1885; decided March 10, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 4, 1884, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial. (Reported below, 31 Hun, 476.)

The nature of the action and the material facts are stated in the opinion.

*James Lansing* for appellant. Where a debtor puts a fund or property into the hands of a third party to pay the debt, and in consideration thereof, the third party promises the debtor to pay it, or where the debtor puts a fund or property into the hands of the third party, under a trust to convert and apply the proceeds to the payment of the debt, and the promise is made to the creditor, the promise is not within the statute of frauds, and may be enforced by the creditor. (*Fullam* v. *Adams*, 37 Vt. 391; Brown on Statute of Frauds [3d ed.], 218; *Lippincott* v. *Ashfield*, 4 Sandf 611; *Wait* v. *Wait*, 28 Vt. 350; *Cock* v. *Moore*, 18 Hun, 31; *Belknap* v. *Bender*, 75 N. Y. 450; *Mallory* v. *Gillett*, 21 id. 412; *Prime* v. *Koehler*, 77 id. 93. There was a consideration of forbearance by the creditor, which was a consideration moving between the newly-contracting parties. (Browne on Statute of Frauds, 181; *Lippincott* v. *Ashfield*, 4 Sandf. 611.) Where one, by his words or conduct, willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position to his injury, the former is concluded from averring against the latter a different state of things as existing at the same time. (Wharton on Evidence, §§ 1087, 1146, 1151; Best on Evidence [Morgan's ed.], § 543; *Pickard* v. *Sears*, 6 Ad. & El. 469; *Dezell* v. *Odell*, 3 Hill, 219; *Grissler* v. *Powers*, 81 N. Y. 57; *Freeman* v. *Cooke*, 2

Exch. 654; *Blair* v. *Waite*, 69 N. Y. 113; *Costello* v. *Mead*, 55 How. Pr. 356; *McConnell* v. *Sherwood*, 58 id. 463; *Petrie* v. *Feeter*, 21 Wend. 172; *Kingsley* v. *Vernon*, 4 Sandf. 361; *Con. Natl. Bk.* v. *Natl. Bk.*, 50 N. Y. 575; *Voorhis* v. *Olmstead*, 66 id. 113.) A party alleging the estoppel of a former judgment must establish that the same fact litigated in the second suit was at issue in the former one. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Raymond* v. *Richmond*, 78 id. 351.) The contract alleged in the complaint was not obnoxious to the statute of frauds, as being the contract for the purchase or sale of an interest in lands by a parol agreement. (*Thomas* v. *Dickinson*, 12 N. Y. 364.)

*R. A. Parmenter* for respondent. The judgment in the receiver suit put in evidence on the trial of this action, was as a record or as evidence conclusive against John Ackley, as executor, etc., the plaintiff here, and as judgment creditor in the former suit. (*Krekeler* v. *Ritter*, 62 N. Y. 372; *Marsden* v. *Sweet*, 66 id. 206; *Verplanck* v. *Van Buren*, 76 id. 247; *Tinkham* v. *Borst*, 24 How. Pr. 246; *Smith* v. *Smith*, 79 N. Y. 234.) The conclusiveness of a judgment is not restricted to those who are parties upon the record. It includes all who have a direct interest in the subject-matter of the suit. (3 Abb. Dig. 460, No. 130.) The promise or agreement, if in truth made, as claimed, whether so made to Ackley or to Silliman, was collateral and executory, and was not supported by a sufficient consideration. (*Kelly* v. *Roberts*, 40 N. Y. 432; *Ætna Natl. Bk.* v. *Fourth Natl. Bk.*, 46 id. 92; *Garnsey* v. *Rogers*, 47 id. 233; *Vrooman* v. *Turner*, 69 id. 280; *Seaman* v. *Hasbrouck*, 35 Barb. 151; *Campbell* v. *Smith*, 71 N. Y. 26; *Parden* v. *Treat*, 82 id. 382.) The promise to Ackley was not only without consideration, but void under the statute of frauds, being to answer for the debt of a third person, and not being in writing as required in such cases by the statute. (*Mallory* v. *Gillett*, 21 N. Y. 415; *Duffy* v. *Munsch*, 43 id. 243; *Leroy* v. *Brush*, 45 id. 589; *Belknap* v. *Bender*, 75 id. 446; *Roe* v. *Barker*, 82 id. 431.) As the promise was a verbal one to pur-

chase real estate it is void. (*Levy* v. *Brush*, 45 N. Y. 595.)
Plaintiff by his acts waived performance of the contract. (*Collins* v. *Ball*, 31 Hun, 187; *Manning* v. *Gould*, 90 N. Y. 480.)

RAPALLO, J. The question on this appeal is, whether the
trial court erred in dismissing the complaint on the ground
that the undertaking of the defendant was void under the
statute of frauds.

The complaint averred, in substance, that on the 23d of May,
1876, the plaintiff, as executor of Philander Ackley, deceased,
obtained a judgment for the foreclosure of a mortgage made
to his testator by Robert F. Silliman, on certain lands in Sara-
toga county, to secure an indebtedness of Silliman, of which
there was then due $2,675.84; that under that judgment the
mortgaged premises were advertised for sale, and that at the
time and place appointed for such sale the referee attended for
the purpose of making it, and the plaintiff and defendant were
also present. Then follows the allegation of the contract upon
which the defendant's liability is claimed to have arisen, in the
following words, viz.: That the defendant "then and there
stated to the plaintiff that if he, said plaintiff, would consent
to the adjournment of said sale for ten days, he, said defend-
ant, would then attend and bid off the property at the sale,
and pay the plaintiff the full amount of his claim thereon;
that the said Robert F. Silliman had placed in his, defendant's,
hands certain ferry stock, which would protect him, defendant,
in his said undertaking." The complaint then goes on to aver
that thereupon the plaintiff, relying upon defendant's promise
and believing his statement, did adjourn the sale for ten days;
but the defendant refused to perform his promise or to pay to
the plaintiff the amount of his claim, but bid at the sale only
$1,820, at which sum the mortgaged premises were struck off
to him, and he refused to bid or pay more; that afterward the
plaintiff entered a judgment against Silliman for the defi-
ciency, amounting to $980; that Silliman was insolvent, and
nothing has been collected on the judgment.

On the trial, the plaintiff's proof of the agreement alleged

consisted of his own testimony and that of his debtor, Silliman. The plaintiff testified that the defendant attended the sale and wished plaintiff to adjourn it for ten days, saying that *Silliman had placed in his hands ferry stock to bid off the property and pay plaintiff his full claim if plaintiff would postpone the sale for ten days*, to which proposition plaintiff acceded. Silliman testified that what defendant said was that *if plaintiff would adjourn the sale for ten days he would pay the plaintiff the full amount of his claim*, and that plaintiff consented to the proposition; that defendant further stated to plaintiff that he, *Silliman, had put ferry stock into his hands for the purpose of paying for the property, and he would be prepared in the course of about ten days to pay for it.*

When recalled, after the defendant's testimony had been closed, the plaintiff repeated his statement of the defendant's promise to bid off the property and pay the plaintiff's claim, adding that his language in respect to the ferry stock was that *Silliman had placed in his hands ferry stock which would protect him.*

The defendant denied ever having made the promise attributed to him, and introduced evidence which cast serious doubt upon the facts testified to by Silliman and the plaintiff. But instead of going to the jury on the questions of fact, the defendant's counsel, at the close of the testimony, moved to dismiss the complaint, on the ground, among others, that the alleged promise of the defendant, not being in writing, was void under the statute of frauds. The court granted the motion, and that ruling is the matter now under review.

The question at issue is ably discussed in the opinions delivered at General Term, viz., the prevailing opinion of LEARNED, P. J., and the dissenting opinion of POTTER, J. After a careful consideration of both of these opinions, and after reading all the testimony in the case, we have arrived at the following conclusions:

*First.* That the defendant's undertaking, as shown by the evidence on the part of the plaintiff, is capable of but two constructions — one, that in consideration of the adjournment of

the sale, at the defendant's request, the defendant would pay the amount due to plaintiff from Silliman ; the other, that he would bid off the property at the adjourned sale for a sum sufficient to enable the plaintiff to realize his claim out of the proceeds. We regard both of these undertakings as covered by the statute of frauds, unless the defendant, before making the promise, had so dealt as to make Silliman's debt his own, or had incurred a duty to pay the amount owing from Silliman to the plaintiff. In either of the cases supposed, the defendant's undertaking would not have been within the statute of frauds, for the reason that it would have been to discharge an obligation resting upon himself, and not simply to answer for the default of another.

*Second.* The inquiry is thus reduced to the question whether the statements of the defendant to the plaintiff, as testified to by the latter and his witness, even giving to them the force of an estoppel, showed an existing obligation or duty on the part of the defendant to pay the debt due from Silliman to the plaintiff. One version of these statements is, that Silliman had placed ferry stock in the hands of the defendant to bid off the property, and pay the plaintiff his full claim. The other is that Silliman had placed in the hands of the defendant ferry stock which would protect him. An examination of the entire testimony in the case has satisfied us that on one or the other of these versions the plaintiff's case must rest. The one last-mentioned is that which the plaintiff sets up in his complaint, but as evidence was admitted, without objection, of both of them, we will consider both.

The representation alleged in the complaint is clearly insufficient to disclose any existing duty on the part of the defendant to pay the plaintiff's claim. It shows only an indemnity. The obligation, if any, arose from the subsequent promise, and that, standing alone, was void, because the debt was Silliman's and the promise was not in writing. It is not even alleged that defendant promised to Silliman to pay his debt to the plaintiff. The mere receipt from Silliman of indemnity before the promise to plaintiff was made, created no obligation.

The defendant might have rejected the indemnity, and never made the promise. The plaintiff could not have compelled him to make it, and acquired no rights by his being protected in case he should do so.

The other version of the representation is equally insufficient to overcome the effect of the statute of frauds. It is, that Silliman had placed ferry stock in the defendant's hands for the purpose of bidding off the property, and paying the plaintiff's claim. This is the branch of the case principally discussed in the opinions at General Term. POTTER, J., in his dissenting opinion, takes the ground, among others, that it is deducible from the evidence that the defendant, in consideration of the transfer of the ferry stock to him by Silliman, absolutely promised to pay the plaintiff's debt.

If the evidence were such as to authorize a finding that the defendant had himself become indebted for the stock, or that the stock had been transferred to him for his own benefit, and, in consideration of such transfer, he absolutely promised to pay to the plaintiff the amount of his claim, we should agree with the learned judge in his conclusion.

If Silliman had sold the stock to the defendant under an agreement with him that the consideration money should be paid to the plaintiff on his mortgage, or, to state the proposition more broadly, if the stock had been transferred to the defendant in consideration of an agreement that he should make compensation for some benefit accruing to himself from such transfer by paying the plaintiff's claim, the case would fall within the principle of the cases cited by the learned judge. But there was no evidence of any such facts nor can they be inferred from the alleged statements or admissions of the defendant, as to which it is claimed that he is estopped. The alleged undertaking of the defendant appears throughout to have been to pay for account of Silliman, and there is nothing to indicate that the defendant had made the debt his own, otherwise than by his alleged promise to the plaintiff. The admission or representation as set forth in the complaint, and as testified to by Silliman, was, that he had placed ferry stock in defendant's

hands which would protect him in his undertaking. The other version is that Silliman had placed ferry stock in defendant's hands for the purpose of bidding in the property, and paying the plaintiff's claim. There was no representation or evidence that the stock had been placed there for any other purpose, or that it had been placed in defendant's hands for his own benefit in consideration of a promise to Silliman to pay plaintiff's claim out of his own funds.

The prevailing opinion holds that the most favorable construction which can be put upon the evidence on the part of the plaintiff is that, supposing the representation testified to had been true, and that the defendant had, in fact, received the stock for the purpose of bidding in the property and paying the plaintiff's claim, that would imply at most that he was to sell or convert the stock, and with the avails pay the plaintiff's claim.

After full consideration we have come to the conclusion that this is the correct view. The case, thus regarded, is directly in line with the decision of this court in *Belknap* v. *Bender* (75 N. Y. 446), which holds in substance that where the obligation of an assignee, under his arrangement with his assignor, is to pay a creditor of the latter out of the proceeds of the assigned property, the duty to pay does not arise until such proceeds have been realized, and a promise to the creditor before that time to pay his claim is within the statute of frauds.

The principle is, that the duty to pay makes the assignee a principal, and the promise, founded upon that duty, an original undertaking.

In the case before us the strongest statement of the alleged admission or representation of the defendant is, that Silliman had placed in his hands ferry stock to purchase the property and pay the plaintiff's claim. He was to pay with the stock placed in his hands. It is obvious that he could not pay for the property or pay the plaintiff's claim, in stock, and that the proceeds must be realized. Hence the request for delay. Both the plaintiff and Silliman testify that the request was put upon the ground that ten days were required to enable the de-

fendant to get ready. There is nothing in the evidence indicating that the defendant undertook to become himself the purchaser of the stock.

The necessary implication from the evidence, according to all the theories which have been advanced, is that if the defendant absolutely promised to the plaintiff to pay the plaintiff's claim against Silliman out of his own funds, he did so looking to the stock placed by Silliman in his hands merely for his own protection or indemnity, as alleged in the complaint. If, on the other hand, he received the stock for the purpose of applying it to the purchase of the property, or the payment of Silliman's debt, the plaintiff's undertaking was to pay out of the proceeds, and his duty to pay would not arise until he had converted the stock into money. Consequently at the time of the alleged promise he was under no present duty to pay, and the promise, though founded on a good consideration (viz. the adjournment of the sale) was nevertheless an undertaking to pay the debt of another, and was void under the statute of frauds.

In such a case it is not sufficient to show that there was a consideration for the promise. There must be a consideration in every case, even if the promise is in writing. But a consideration is not of itself sufficient to supply the place of a writing where one is necessary. To take the case out of the statute there must be a consideration moving to the promisor, either from the creditor or the debtor. It must be beneficial to the promisor. That is the feature which imparts to the promise the character of an original undertaking. (*Mallory* v. *Gillett*, 21 N. Y. 412.) Forbearance or indulgence to the debtor, or the surrender to him by the creditor of a security for the debt, even at the request of the promisor, will not support a verbal promise by a third party to pay the debt. (*Mallory* v. *Gillett, supra.*) There does not appear in this case to have been any new consideration passing between the newly-contracting parties. All that the plaintiff (the creditor) did was to forbear pressing the sale of the debtor's property and to give further time, at defendant's request, and all that the debtor did was to place

property in the defendant's hands to enable him to raise the means of paying the debt, or to indemnify him if he should choose to pay it out of his own means. There is nothing to show that this was beneficial to the plaintiff in any way, or that it had become his duty to pay the debt. (*Belknap* v. *Bender*, 75 N. Y. 446.) *Jackson* v. *Rayner* (12 Johns. 290) is very nearly in point, and although cited with some hesitation in *Mallory* v. *Gillett*, seems to be in accord with the later case of *Belknap* v. *Bender*.

We have treated the case on the theory that the alleged representation of the defendant, that stock had been placed in his hands, by Silliman for the purposes stated, estopped him, under the circumstances, from denying the fact, and we have not, therefore, adverted to the evidence on the part of the defendant, claimed to be conclusive, that the stock which he held was his own, and that Silliman had no interest in it. But we do not decide that an oral promise to pay the debt of another can be made valid by being accompained by oral admissions of facts which, if true, would convert the promise into an original undertaking. Such admissions would doubtless be competent evidence of the facts, but whether this is a proper case for the application of the doctrine of estoppel *in pais* presents a different question, upon which we do not now pass.

The judgment should be affirmed.

All concur.

Judgment affirmed.