WILLIAM H. TOLHURST AND ANOTHER, APPELLANTS, *v.* JOSEPH A. POWERS, RESPONDENT.

*Contracts — promise to pay the debt of a third person — consideration — statute of frauds — 2 R. S., 135, § 2.*

A firm of machinists had in its possession a dynamo belonging to one Ball. Ball had formerly sold the dynamo to one Crane, who had returned it to the firm (its makers) as defective. One Powers was a creditor of Ball and desired to obtain possession of it. Ball was also indebted to the said firm for constructing said machine. Upon a request being made by Ball and Powers to the firm to ship the machine to New York the firm inquired who would pay the balance due thereon from Ball, Powers replied that he would.

*Held*, that as the firm had no lien upon the machine, and had only a bare possession thereof not accompanied by any right, its surrender thereof was an act which it was legally bound to do, and furnished no consideration for the promise of Powers to pay the balance due to the firm from Ball. (LANDON, J., dissenting.)

That as the debt was one of a third person, a promise to pay it, not in writing, was void under the statute of frauds. (2 R. S., 135, § 2.) (Per LEARNED, P. J.)

Appeal by the plaintiffs, William H. Tolhurst and Charles H. Tolhurst, from a judgment, entered in the clerk's office of Rensselaer county on the 30th day of March, 1891, in favor of the defendant for $236.52 costs, after a trial before a referee.

The action was brought to recover $522.13, the balance of an account originally due to the plaintiffs from Clinton M. Ball for services in the construction and fitting of a dynamo and other electrical appliances, which balance the defendant orally promised to pay the plaintiffs under the following circumstances: In 1883, and prior to December seventeenth of that year, the plaintiffs, who were proprietors of a machine shop in the city of Troy, rendered services for Clinton M. Ball in the construction and fitting of a dynamo and other electrical appliances. In August they delivered the completed dynamo to Ball, who having made a sale thereof to one Crane in New York, conditional upon its successful operation, directed the plaintiffs to ship the dynamo to Crane, and they did so. Ball had paid the plaintiffs upon account of all their services, but not in full. Owing to some scientific defect in the dynamo, but not in the work done by the plaintiffs, the dynamo did not operate successfully, and was sent back to the plaintiffs for further work. The defendant thereupon, with the consent of Ball, assumed the direction of the alterations and further work upon the dynamo; the plaintiffs performed as defendant requested, and the defendant paid them therefor.

December 17, 1883, the additional work being completed, and the dynamo remaining in plaintiffs' shop, the defendant and Ball came to the shop and met the plaintiff, Charles H. Tolhurst. The defendant then requested said plaintiff to ship the dynamo to New York. The plaintiff replied that before doing so he wished to know who was going to pay the balance, $522.15, due from Ball to the plaintiffs for work done upon the dynamo and other things. The defendant said he would pay it. Thereupon, at the request of defendant, Ball giving his consent, the plaintiffs shipped the dynamo to the defendant at New York. Subsequently the plaintiffs presented their bill for $522.15 to the defendant, who promised to pay it, but has not done so.

*Nelson Davenport*, for the appellants.

*Frank S. Black*, for the respondent.

LEARNED, P. J.:

Leaving out all the unimportant facts, the case in the aspect most favorable to plaintiffs stands thus: On the seventeenth of December, one Ball owed the plaintiffs for work $522.15. There was at that time in their possession a machine which had belonged to Ball which he had sold and delivered to Crane, and which Crane had returned because it did not work. The machine was in plaintiffs' lawful possession, but they had no legal lien or claim of any kind upon it.

Ball, or if not Ball, then Crane was entitled to immediate possession. The defendant had paid some money for Ball, and Ball and defendant desired that the machine should go into defendant's possession. He had not, however, at that time any title to it.

Ball and defendant were present at plaintiffs' machine works in Troy, and wished to have the machine shipped to defendant at New York. Plaintiffs said they wished to know who was to pay the balance above mentioned, which Ball owed them. Defendant said he would pay it. Thereupon the machine was shipped by plaintiffs to defendant; or rather Crane came for it to plaintiffs' works, and had it sent by express to defendant. There was no written agreement. Plaintiffs subsequently called upon defendant for the aforesaid balance. He at first promised verbally to pay, but afterwards refused.

The question is whether the verbal promise of defendant to pay plaintiffs a debt which Ball owed them, made to induce them to ship to defendant, with Ball's consent, a machine belonging to Ball and on which they had no lien, is legally binding on defendant after plaintiffs have made said shipment.

What consideration existed for the promise? The plaintiffs had no lien on the machine, and could not rightfully have retained possession. If their surrender of possession was an act which they were legally bound to do, then they parted with nothing. It would be a premium on wrong-doing to say that the courts would enforce a promise to pay money, made to induce one to surrender to the rightful owner property to which the possessor had no title and no right of possession.

One who has possession, but no right to possession whatever, may possibly delay the rightful owner by refusing to deliver. But to

say that such possessor parts with anything of value when he merely does his duty, and gives up what he has no right to retain, is very inconsistent with sound principle. Suppose Ball had not owed plaintiffs and they had insisted that they would not give up the machine unless defendant promised to pay them $500, and he had so promised, would there have been any consideration for the promise?

There was not here the compromise of a disputed claim. Nothing is shown to establish that the plaintiffs had, or that they even claimed to have, a lien on the machine. Possibly they could have compelled Ball to bring an action, as it would not have been lawful for him to enter on plaintiffs' premises forcibly to get his property. But the voluntary surrender of what one has no right to retain cannot be a good consideration for a promise. The promisee parts with nothing. He gives up nothing to which he has or claims a right.

This is not a case where the original debtor conveys property to another in consideration of his promise to pay the debt. The defendant made no promise to Ball. Ball conveyed nothing to the defendant. Subsequently, it is true, in the following February Ball did convey this machine to defendant. But that conveyance was to secure moneys advanced by defendant and was not in consideration of any promise to pay this debt to plaintiffs. Further, this debt was Ball's; and defendant's promise was void under the statute of frauds. We need not discuss this at length. It is enough to refer to *Ackley* v. *Parmenter* (31 Hun, 476, and 98 N. Y., 425).

The judgment should be affirmed, with costs.

MAYHAM, J. :

Assuming, as we must, that the plaintiffs had a mere naked possession of this dynamo, with no interest in or lien upon it, so that after a demand by the real owner their possession would be wrongful, I do not see how its delivery to the defendant, who was entitled to the possession, furnishes any consideration of harm to the plaintiffs or benefit to the defendant to support the promise of the latter to pay the debt of Ball to the former. I think, therefore, the judgment should be affirmed.

LANDON, J. (dissenting) :

We think the plaintiffs were entitled to a recovery. They had possession of the dynamo, and they intimated their intention to

retain possession until they should receive some further assurance that their bill against Ball would be paid than Ball's responsibility or credit afforded them. The defendant was interested in the dynamo, upon which he had expended both time and money, and desired to obtain possession of it. Grant that plaintiffs had no lien upon the dynamo against Ball which they could maintain if a contest should be made, they, nevertheless, had the possession of the dynamo, and had the physical power to retain that possession and try to defend it in the courts; they thus could retain the possession until some indefinite future time. The defendant desired possession immediately. It does not appear that he had any title to the dynamo or lien upon it, but evidently from curiosity, scientific interest, or in the hope to obtain indemnity for his expenditures upon it, he desired to obtain possession. Ball, the owner of the dynamo, was willing the defendant should obtain possession. It was for him to dispute plaintiffs' intimation of a lien if he thought proper, but he did nothing of the kind. The case, then, is this : Plaintiffs had possession of Ball's dynamo, claiming to hold it until payment of their bill against Ball should be secured. The defendant desired to obtain possession of the dynamo, and had no title to stand upon. Ball, the real owner, did not dispute plaintiffs' claim. He consented that plaintiffs might deliver the dynamo to defendant, but he gave defendant no authority to take it from plaintiffs against their consent. The defendant thereupon, by agreeing to pay them the amount of their bill against Ball, bought of them their possession and the abandonment of their claim of lien, and thus obtained possession of the dynamo. The defendant by his promise obtained possession of the dynamo and the plaintiffs parted with it. True, Ball was not released from his obligation to pay the debt, but the defendant, in consideration of the benefit now moving to himself from the plaintiffs, added his promise to pay, to the old promise made by Ball. The case falls within the third classification made in *Leonard* v. *Vredenburgh* (8 Johns., 29), in which "the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties," and thus is not within the statute of frauds. (*Mallory* v. *Gillett*, 21 N. Y., 412.)

The defendant's contention, that because plaintiffs had no valid

lien upon the dynamo they had nothing to sell or release or deliver to defendant, is not tenable. We have already shown that though they may not have had a valid lien they had possession and all the advantages of possession ; and if the defendant had obtained from Ball or could have obtained from him the means to compel them to surrender what they had, he, nevertheless, was at liberty to buy them out, and he chose to do so.

The judgment should be reversed, referee discharged, new trial granted, costs to abide event.

Judgment affirmed, with costs.