[No. 1336. Decided July 26, 1894.]

D. A. McKENZIE, *Appellant*, v. THE PUGET SOUND
NATIONAL BANK OF SEATTLE, *Respondent*.

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.

The agreement of a creditor to forbear the enforcement of his
debt is not a sufficient consideration to support an oral promise of
a third person to pay that debt, although such third person, at the
time of making the promise, may be of the opinion that such pay-
ment would subserve and promote his own pecuniary interests in
the debtor's property.

*Appeal from Superior Court, King County.*

*Strudwick & Peters*, for appellant:

Where the purpose of a promisor is to subserve some
pecuniary and business purpose of his own, involving
either benefit to himself or damage to the other contract-
ing party, his promise is not within the statute of frauds,
although it is, in form, to pay the debt of another, and
although the fulfillment of his promise may have the effect
incidentally of extinguishing that liability. *Silsby v. Frost*,
3 Wash. T. 388; *Crawford v. Edison*, 13 N. E. 80; *Wil-
son v. Smith*, 35 N. W. 506; *Green v. Burton*, 10 Atl.
575; *Emerson v. Slater*, 22 How. 35.

*Carr & Preston*, and *W. R. Bell*, for respondent:

In order to render the promise to pay the debt of an-
other an original undertaking, some consideration must
move between the promisee and the promisor, and the orig-
inal debt must be surrendered. *Belknap v. Bender*, 75
N. Y. 449; *Mallory v. Gillett*, 21 N. Y. 412; *Stewart v.
Jerome*, 38 N. W. 897; *Bank v. Waterman*, 30 Ill. App.
548; *Brown v. Weber*, 38 N. Y. 187; *Rintoul v. White*, 15
N. E. 320; *Ackley v. Parmenter*, 98 N. Y. 425. The agree-
ment of a creditor to forbear the enforcement of his debt

is not a sufficient consideration to support a promise of a third person to pay that debt. *Stewart v. Campbell,* 58 Me. 439; *Lang v. Henry,* 54 N. H. 59; *Gump v. Halberstadt,* 15 Pac. 467; *Miller v. Lynch,* 19 Pac. 845; *Jackson v. Rayner,* 12 Johns. 291; *Simpson v. Patten,* 4 Johns. 422; *Duffy v. Wunsch,* 42 N. Y. 243; *Watson v. Randall,* 20 Wend. 201; *Smith v. Ives,* 15 Wend. 182; *Barker v. Bucklin,* 2 Denio, 59; *Hilton v. Dinsmore,* 21 Me. 410; *Musick v. Musick,* 7 Mo. 495; *Ackley v. Parmenter,* 98 N. Y. 425; *Rintoul v. White,* 15 N. E. 320; *Mallory v. Gillett,* 21 N. Y. 412.

The contract, even if made upon sufficient consideration, was a collateral promise to answer for the debt of another, and was, therefore, void because not in writing. While it is true that cases are not considered as coming within the statute when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself; nevertheless, where the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute. *Nelson v. Boynton,* 3 Metc. 400; *Stewart v. Jerome,* 38 N. W. 897; *Mallory v. Gillett,* 21 N. Y. 412; *Furbish v. Goodnow,* 98 Mass. 298. The mere fact that an advantage may result incidentally to the promisor is not sufficient to take the agreement out of the statute, but the resulting advantage to him must be the object of his promise, the consideration upon which it was made. *Clapp v. Webb,* 9 N. W. 796.

The opinion of the court was delivered by

SCOTT, J. — The material allegations of the complaint in this case are, that on the 1st day of August, 1890, one Almond was indebted to the plaintiff in the sum of $1,425, and that said Almond, doing business under the name of Almond & Phillips Foundry Company, was indebted to

defendant in the sum of $14,000, and that said Almond was then the owner and in possession of a certain leasehold interest in and to certain premises described, and was the owner of a certain foundry and machine shop plant of the value of thirty thousand dollars.   The fifth and sixth paragraphs of the complaint are as follows:

"5. That on the 21st day of August, 1890, the said Charles H. Almond, doing business as aforesaid, conveyed to one Jacob Furth, the cashier and manager of the defendant, for the use and benefit of defendant, all of said plant, property, stock on hand, lease and accounts, and the defendant accepted the same and went into the possession thereof, through one G. L. Faust, who became and was appointed by defendants its general agent and manager in that behalf."

"6. That said defendant took and accepted said conveyance and assignment, and entered into the possession of said property, with a view and intention of paying off and discharging all the debts of said C. H. Almond, for the purpose of subserving and promoting its own pecuniary and business interests; and said defendant proposed, for the purpose aforesaid, to the plaintiff and others of the creditors of said C. H. Almond, that if said creditors would forbear the collection of their said debts against said C. H. Almond, and would accept payment thereof from defendant in deferred installments, that defendant would pay off and discharge said debts, and plaintiff and others of said creditors of said C. H. Almond accepted said proposition of defendant and forebore the collection of their said debts."

The court sustained a demurrer to the complaint, and plaintiff appealed.

We are of the opinion that the demurrer was well taken, on the ground that the promise alleged was void under the statute of frauds, it being conceded that it was not in writing.   A logical construction of the complaint is that Almond transferred said property to the defendant in consequence of his indebtedness to the defendant, and that the

promise made by defendant to plaintiff was made after the execution of said conveyance and delivery of the possession of the property, and was no part of the consideration for said transfer.

The great weight of authority, certainly, is to the effect that the agreement of a creditor to forbear the enforcement of his debt is not a sufficient consideration to support an oral promise of a third person to pay that debt, and this is not disputed by the appellant, but he contends that the promise was made for the purpose of subserving and promoting respondent's own pecuniary business interests. The most favorable construction that can be put upon the allegations of the complaint in this respect is, that defendant was of the opinion that the payment of Almond's indebtedness to the plaintiff would subserve the defendant's interests. That the defendant had an idea that such payment would benefit it in some way, although what it was founded upon is not apparent. Yet this was not the consideration for the promise, nor any part of it. The bank already had the property, and had made no promise to pay the plaintiff's debt to obtain it. The obligation, if any, upon the part of the defendant to pay the plaintiff's claim arose only upon its promise made to the plaintiff. The consideration for said promise was the forbearance of the plaintiff to proceed against Almond. The promise would have been sufficient to sustain the action, were it not for the statute. Any promise to pay, whether in writing or not, must be founded upon a consideration to be binding. A consideration to support a promise not in writing to pay the debt of another must be of a peculiar character, and must operate to the advantage of the promisor, and place him under a pecuniary obligation to the promisee independent of the original debt, which obligation is to be discharged by the payment of that debt. *Ackley v. Parmenter*, 98 N. Y. 425; *Cross v.*

*Richardson;* 30 Vt. 641.   Almond's debt to the plaintiff was not discharged by this promise, but remained in force.
Affirmed.

STILES, ANDERS and HOYT, JJ., concur.