BOEFF et al. v. ROSENTHAL.

(City Court of New York, General Term. March, 1902.)

STATUTE OF FRAUDS—DEBT OF ANOTHER—ORAL PROMISE BY MORTGAGOR.

    Defendant conveyed land to K., taking back a mortgage, and thereafter procured for K. a building loan to aid him in erecting a building, secured by bond and mortgage, a part of which mortgage was owned by defendant. Plaintiffs agreed with K. to furnish material, and, on K. defaulting in payments, defendant orally agreed with plaintiffs that, if they would continue to furnish materials, he would pay them therefor, and also pay what was already due. Held, that, defendant's object being to bring about the completion of buildings on premises on which he held mortgages, the effect of his promise was to cancel the contract between K. and plaintiffs and to substitute a new one, and was not within the statute of frauds.

Appeal from trial term.

Action by John Boeff and others against Charles M. Rosenthal. From a judgment for plaintiffs and from an order denying new trial, defendant appeals. Affirmed.

Argued before DELEHANTY and SEABURY, JJ.

Albert Erdman, for appellant.
Manheim & Manheim, for respondents.

DELEHANTY, J. Defendant, being the owner of certain real estate in this city, conveyed the same to the firm of Klein & Friedman, a purchase-money mortgage being executed for a part of the consideration price thereof. Thereupon defendant procured for his grantees a building loan to aid them in the erection of certain build—

ings on said property, secured by bond and mortgage on the premises in question; and it is conceded that defendant was a part owner of that mortgage. It was then that the plaintiffs agreed with Klein & Friedman to furnish certain material to be used in the construction of said buildings, payment for same to be made as the structure progressed. Klein & Friedman having defaulted in the payments, it is claimed that defendant orally promised plaintiffs in the presence of Klein & Friedman, and at their solicitation, that if they would complete their work, operations upon which had ceased when Klein & Friedman defaulted, he would pay them for all material thereafter to be furnished in connection with the buildings, and also in consideration thereof pay the sum of $200 then owing to the plaintiffs by Klein & Friedman for materials already furnished. Plaintiffs accepted the proposition, and thereupon supplied, as alleged, materials and workmanship of the value of $830, and, defendant refusing to pay the same, suit was instituted for the collection of the full amount of $1,030. Defendant denied the agreement in question, which, if made, he claimed was in violation of the statute of frauds. The jury having returned a verdict for plaintiffs for $830, the question now presented is whether the recovery based upon the oral promise can be sustained.

We have carefully examined the authorities cited by appellant, particularly Ackley v. Parmenter, 98 N. Y. 425, 50 Am. Dec. 693, and White v. Rintoul, 108 N. Y. 222, 15 N. E. 318, in order to ascertain if, as claimed, the court of appeals had in any way expressed views different from those laid down in the case of Merserau Co. v. Washburn, 6 App. Div. 404, 39 N. Y. Supp. 664, the facts in which are very similar to those in the case at bar. We have been unable to make any such discovery, but upon the contrary find a uniformity of opinion upon the law in question, which is summarized in the leading case of Mallory v. Gillett, 21 N. Y. 412, and since followed by a long line of cases upon the subject. Within those authorities, while the effect of defendant's promise was to pay the debt of Klein & Friedman, yet his object in so doing was to bring about the completion of the buildings erected upon the land, upon which he had a purchase-money mortgage and also an interest in a building-loan mortgage following it, and that promise therefore was a new and original one, and not within the statute of frauds. The effect of the transaction was, as stated by Judge O'Brien in the Merserau Co. Case, to rescind or cancel the contract between plaintiffs Klein & Friedman, and to substitute a new and original agreement, by the terms of which, in consideration of defendant's promise to pay the $200 balance then due, plaintiffs undertook to and did supply material and do work remaining to be done upon the houses, the reasonable value of which was proven to be $830. We consider that case a direct authority, and in principle controlling. Unable to discover any errors of ruling, it follows that the judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs.

SEABURY, J., concurs.