[No. 4058.    Decided April 30, 1902.]

R. W. BARTO, *Appellant*, v. A. PHILLIPS *et al.*, *Respondents.*

STATUTE OF FRAUDS — ORAL PROMISE TO PAY DEBT OF ANOTHER.

The oral promise of defendants to pay certain written orders drawn on them by their agent in payment of his own indebtedness, in case there was any money due him from them at the termination of his employment, is unenforcible, under Bal. Code, § 4576, subd. 2, as being a promise to answer for the debt of another, and not in writing by the persons sought to be charged.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge *pro tem.*   Affirmed.

*Wilmon Tucker* and *Ivan L. Hyland,* for appellant.

*Ballinger, Ronald & Battle,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—The complaint alleges that the defendants were co-partners under the firm name of Phillips-Judson Consolidated Excursions. At the time mentioned

their agent at Seattle (one Haines) made and executed written orders upon said excursion company in favor of plaintiff, and these orders are set out *in haec verba*, aggregating $329.85. It is alleged that Haines directed the company to pay to plaintiff the amounts therein set forth, delivered such orders to plaintiff, and received the money therefor; that said orders were accepted in writing by Cronenwett, the manager and one of the co-partners, in behalf of the company; that at the time of such acceptance, defendants had money in their possession belonging to Haines, and were owing him in a sum in excess of $300. The orders are separately pleaded, and there are added to each of said orders as set out in the complaint, the words: "Accepted. A. E. Cronenwett, Mgr." The answer denied the acceptance of the orders by Cronenwett or the company, or that defendants had money in their possession belonging to Haines at the time said orders were delivered. Upon the issues thus made, there was a trial. The material facts found by the court were that Haines became indebted to the plaintiff on the orders; that the orders were presented to Cronenwett, the manager and one of the members of the copartnership, but they were never accepted by him, and that Haines had no authority to make the acceptance indorsed on said orders; that after the making and delivery of the orders, about the 8th day of June, 1900, plaintiff presented said orders to the manager, Cronenwett, and said Cronenwett then and there agreed to pay said orders out of any moneys that should be due and payable to said Haines from the defendants, after deducting from the amount due said Haines the outstanding obligations of the company properly chargeable against the account of said Haines at the time of the termination of the employment of Haines at the Seattle office. The

conclusions of law were that the defendants are not, or any of them, indebted to the plaintiff in any sum, and that defendants are entitled to a judgment. A number of proposed findings were tendered by plaintiff and refused by the court, to which exception is taken.

The exceptions to the findings of fact taken by plaintiff have been examined in the light of the record, and we are not disposed to disturb them. Under the issues made upon the pleadings before us, it is not clear that the fifth finding of fact, relative to the agreement made between plaintiff and the manager of the company in June, 1900, is at all material. The case presented by the complaint and answer seems to have been a demand on certain written orders alleged to have been given by Haines upon the defend-'ant company, and accepted by Cronenwett, the manager. The testimony in the record tending to show a subsequent oral agreement in June, 1900, between plaintiff and Cronenwett, the manager, that plaintiff should be paid from moneys payable to Haines by defendants after an accounting between Haines and defendants, when Haines' employment with defendants was terminated, is a novel departure from any issue suggested in the pleadings. But it is insisted by counsel for plaintiff that the presumption may exist here that the pleadings were amended so as to include another and distinct cause of action. It is not necessary, however, to inquire into the force of this contention, in view of the effect of the fifth finding of fact. Taking this finding with all intendments in its favor, we have the oral promise of Cronenwett to pay the debt of Haines in the event of certain contingencies, depending upon the termination of his employment. It would seem to fall directly within paragraph 2, § 4576, Bal. Code. See, also, *Gilmore v. Skookum Box Factory,* 20 Wash. 706 (56 Pac.

934), and *McKenzie v. Puget Sound National Bank,* 9 Wash. 442 (37 Pac. 668, 43 Am. St. Rep. 844).

Affirmed.

DUNBAR, FULLERTON, HADLEY, WHITE, ANDERS and MOUNT, JJ., concur.