[Decided January 21, 1888.]

## J. A. SILSBY v. ROBERT FROST.

1. PLEADING—AMENDMENT—JUDICIAL DISCRETION.—The power of the court to allow amendments to a pleading is largely discretionary, and its exercise will not be reviewed on appeal, unless there has been an abuse of such discretion, and especially not if the adverse party has been afforded ample opportunity to meet and defend against the amended pleading.

2. SPECIAL VERDICT—QUESTION OF LAW.—While ordinarily special findings control a general verdict when inconsistent with it, a finding which involves the expression of an opinion upon a legal proposition will not be allowed to control the fact found by a general verdict or be held to vitiate it.

3. NOVATION—STATUTE OF FRAUD.—In an action by F. against S. to recover money upon an oral promise to pay the debt of V. due F., made in consideration of a sale by V. to S., the latter being then also a creditor of V., which sale consisted of a quantity of logs of sufficient value to pay the debts of both F. and S., and said sale having been made and the proceeds paid to S.: *Held*, that the promise was not a special promise to answer for the debt of another, and not within the statute of frauds, but a new and valid agreement based upon sufficient consideration.

ERROR to the District Court holding terms at Olympia. Second District.

The opinion of the court states all the material facts.

*Mr. Chas. H. Ayer*, for the Plaintiff in Error.

The court should not have allowed the filing of an amended complaint without terms, and a judgment will be reversed for an abuse of discretion by the lower court in allowing amendments. (*Smith* v. *Yreka Water Co.*, 14 Cal. 201; *Hexter* v. *Schneider*, 14 Or. 184.) The special findings of the jury do not show such a contract as will support a judgment for the plaintiff, but show affirmatively that there was not such a contract. (Code, sec. 2325; 1 Parsons on Contracts, 217; Addison on Contracts, 1228; *Furbish* v. *Goodnow*, 98 Mass. 297; *Andre* v. *Dodman*, 13 Md. 241, 71 Am. Dec. 623; *Belknap* v. *Bender*, 75 N. Y. 446; *Warren* v. *Smith*, 24 Texas, 484, 76 Am. Dec. 115.

*Mr. J. W. Robinson*, for the Defendant in Error.

The court did not abuse its discretion in allowing amend-

ment. (*Smith* v. *Water Co.*, 14 Cal. 201.) The special find-
ings and the general verdict are not inconsistent with each
other. (2 Parsons on Contracts, 304; Browne on Statute of
Frauds, secs. 155, 165–171 inclusive.)

Mr. Chief Justice JONES delivered the opinion of the court.

The contention in this case grows out of these facts:

Plaintiff alleges in his complaint that on September 1,
1885, one Vincent was indebted to him in the sum of $59.05,
for goods sold to and used by him in the logging business,
in Thurston county, in securing a certain boom of logs then
in the water ready to tow; which boom of logs was then of
value sufficient to pay said and all debts incurred by Vin-
cent in securing the same. That appellant (defendant
below) was a creditor at that time of said Vincent, and on
that day bought the boom of logs of him, and in considera-
tion of the sale thereof to him, he agreed to pay plaintiff
(appellee) the said sum so owing to him by Vincent when
he, appellant, sold the said logs. That appellant sold the
logs in the spring of 1886, and, though requested, refused
to pay the said claim, for which amount judgment is asked.

To this complaint, the defendant, in proper form, made
answer denying all the material allegations thereof.

The cause was tried in the District Court by a jury, who
returned a general verdict for plaintiff for the sum claimed
and interest; and also, in response to interrogatories, made
several special findings.

The appellant here excepts:

1. To the order of the District Court allowing the filing
of an amended complaint without imposing terms.

2. To the order overruling defendant's motion in arrest
of judgment, upon the ground that the complaint did not
support the verdict.

3. That the fourth and fifth instructions given at plaintiff's
request, and also one given by the court without request,
were erroneous.

4. The special findings do not show a contract that will
support the verdict, but do show the reverse and control

the general verdict, and therefore defendant's motion for judgment upon the special findings should have been granted.

The trial court had the power to allow an amendment to the complaint, and the imposition of terms was a discretionary matter. There is nothing here to show an abuse of discretion. The plaintiff in error does not here insist on this point, although it is made in the brief filed, and not in fact waived.

It would be only an abuse of discretion of moment that would warrant the reversal of judgment on the merits, and it is difficult to imagine how such an abuse could occur in allowing an amendment to a complaint, when the defendant had ample opportunity to meet and defend against it. No such case is pretended here.

The instructions complained of are to the effect and purpose that if the jury found from the evidence that the defendant, in his contract of purchase of the logs in question from Vincent, undertook and agreed, in consideration thereof, to pay to plaintiff the amount of his claim against Vincent absolutely, and that under such contract the defendant received and sold said logs as his own, and that plaintiff consented to such agreement and promise, then the contract was not within the statute of frauds, but was a contract by which defendant made the debt of Vincent to plaintiff his own debt, and plaintiff would be entitled to a verdict.

The jury returned a general verdict for plaintiff in these words:

"We, the jury, find for the plaintiff in the sum of $59.05 and interest thereon from the 15th day of January, 1885."

Among the special findings are these:

"4. Was the sale of logs to Silsby an absolute sale, or was it intended to be in the nature of a pledge to secure an indebtedness from Vincent to Silsby?" Answer: "Absolute."

"7. Did Silsby ever agree that Vincent might be discharged from his debt to Frost?" Answer: "By assuming the debt, Silsby implied an agreement that Vincent should be released from Frost."

"10. Did Silsby agree to pay Frost's bill against Vincent

out of the proceeds of the logs, after paying the bills for labor and stumpage and his own bill?" Answer: "He agreed to pay when the logs were sold, without reference to any other claims."

As to special findings, it is true they control a general verdict, when they are inconsistent with it (Code, sec. 243), but these findings are all consistent with the general verdict.

The seventh special finding is an expression of the opinion of the jury upon a legal proposition, and is of no value in the form of words used, and should not be allowed to control the fact found by the general verdict and be held as vitiating it. All the other special findings harmonize with and support the verdict. We are satisfied that the law was correctly given to the jury.

Where a consideration of advantage or harm enters into the new contract as between the parties, and forms in whole or in part the consideration for the new agreement, it becomes a new and valid agreement, upon sufficient consideration, and is not collateral to the contract which existed between the original debtor and creditor, so as to come within the terms or intent of the statute of frauds, which provides that an agreement to answer for the debt of another must be in writing. Here, the defendant, as part of the terms of purchase of logs from Vincent, agreed with Vincent and plaintiff that he would pay to plaintiff the amount of Vincent's debt to him, when he, defendant, sold the logs.

Plaintiff assented and agreed to this arrangement, and thereupon Vincent sold and delivered the logs to defendant, who received and sold them.

To allow defendant now to escape the liability to pay Frost's claim on the plea that the contract was not in writing, and that it was not one by which he was to answer for Vincent's debt, would be a perversion of the statute, which was made to prevent frauds and perjuries, and not to promote them.

By the contract, for a valuable consideration received by him to his advantage from Vincent, he agrees to pay Frost $59.05 that Vincent owes to him. This debt but served the

purpose of fixing the amount defendant is to pay Frost, and by the agreement defendant makes it his own debt. It is no longer "the debt of another."

It seems by the record that the jury made a mistake as to the date from which interest should be computed. The form of the verdict is bad, in that it does not find a gross sum instead of a certain sum and interest thereon from a certain date. The interest should have been computed and added to the specific sum found, and the sum thus ascertained inserted in the verdict. In this case, however, the defendant suffered no injury from the error, as it appears from the record that in the judgment from which he appeals no interest whatever is included.

Let the judgment of the court below be affirmed, with costs.

LANGFORD, J., and TURNER, J., concurred.