[No. 2154. Decided May 20, 1896.]

THE SOLICITORS' LOAN & TRUST COMPANY, *Appellant,*
v. SAMUEL C. ROBINS *et ux., Respondents.*

MORTGAGES — LIABILITY OF GRANTEE OF MORTGAGED PREMISES.

On foreclosure of a mortgage upon land which had been subsequently conveyed by the mortgagor to another, who assumed payment of the mortgage, the grantee and his wife, when such land is their community property, are subject to a deficiency judgment which may be enforced against their community property and the separate property of the husband. ( DUNBAR, J., dissents.)

Appeal from Superior Court, Douglas County.— Hon. WALLACE MOUNT, Judge. Reversed.

*P. Tillinghast,* for appellant.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to foreclose a mortgage on certain real estate, executed by the de-

fendants Tyler and wife to the plaintiff. Subsequent
to giving the mortgage they conveyed the land to re-
spondent Samuel C. Robins. The deed excepted the
mortgage in question from the warranty clause and
contained a statement that the grantee assumed and
agreèd to pay the mortgage debt. The complaint al-
leged this and also that the same was the community
debt of Robins and his wife. This allegation was not
denied by either of them, but they disclaimed any
interest in the lands, and the court dismissed the ac-
tion as to them, whereupon the plaintiff appealed.

No brief has been filed or appearance made by the
respondents in this court, and we are called upon to
decide the case on the brief and argument of the ap-
pellant. From the authorities cited, only one of which
we shall call attention to, we are of the opinion that
the plaintiff was entitled to a personal judgment
against the respondents, Samuel C. and Helena Rob-
ins, enforcible against their community property and
the separate property of Samuel C. Robins, for any
deficiency that might remain after selling the mort-
gaged property.

In *Keller v. Ashford*, 133 U. S. 610 (10 Sup. Ct. 494),
it is held that, under the weight of authority, the
mortgagee is entitled in some form to enforce such an
agreement against the grantee, on the ground that as
between a mortgagor and his grantee in such instances
the grantee becomes the principal for the payment of
the debt, and as between them the position of the
mortgagor is that of a surety, and that in equity a
creditor is entitled to the benefit of any obligation or
security given by the principal to the surety for the
payment of the debt.

It is not necessary in this case to decide more than
that the plaintiff is entitled to a deficiency judgment

against the respondents Robins and wife, for that is all the plaintiff seeks.

The judgment is reversed and the cause remanded for disposition in accordance with the foregoing.

HOYT, C. J., and GORDON, J., concur.

DUNBAR, J. (*dissenting*).—I am unable to agree with the conclusion reached by the majority in this case, and, while conceding that probably the weight of authority sustains that conclusion, it seems to me to be illogical and wrong.   There is no privity between the mortgagor and the grantee.   They are strangers to each other, and under what principle of law or by what legal deduction the mortgagor has a right to claim a judgment against the grantee I am at a loss to understand, even from a perusal of the cases sustaining the doctrine, and from the case decided by the United States Supreme Court, cited by the majority. It cannot, it must be conceded, be based on the theory of privity.   The clause in the deed providing for the payment by the grantee is purely for the benefit of the mortgagor, if it can be construed for the benefit of any one.   It is in reality only a recital in the deed which is unsigned by the grantee, and if it can be construed to be a promise at all it is a promise not in writing and therefore falls within the statute of frauds. But, conceding it to be a binding promise on the grantee so far as the mortgagor is concerned, how can it be possible that the security, which the mortgagee saw fit in his original contract and in fact the only contract he has made, to take for the payment of his debt, can be increased by the subsequent action of the mortgagee, at least so as to bind a stranger to the original contract?   It must be conceded that no action of the mortgagee could lessen or destroy the security

of the mortgagor, and it is just as illogical to conclude that the action of the mortgagor by transfer to a third party can increase said security.

The court in *Keller v. Ashford, supra*, admits the general doctrine that in equity as at law the contract of the purchaser to pay the mortgage, being made with the mortgagor and for his benefit only, creates no direct obligation of the purchaser to the mortgagee; but states that —

"It has been held by many state courts of high authority, in accordance with the suggestion of Lord HARDWICKE in *Parsons v. Freeman*, Ambler, 116, that in a court of equity the mortgagee may avail himself of the right of the mortgagor against the purchaser."

This suggestion, it seems to me, is exactly in conflict with the rule above stated, but the court says:

"This result has been attained by a development and application of the ancient and familiar doctrine in equity that a creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt."

To my mind there has been no development here at all, but one doctrine is squarely opposed to the other, both in reason and effect. To allow a mortgagee to bring an action against a stranger to the contract and obtain against him a deficiency judgment, thereby increasing the security which he was entitled to under his contract, is opposed to every well established principle of law, and I cannot consent to it until it becomes the established rule of law in this state.