[No. 3185.   Decided March 24, 1899.]

WILLIAM N. GILMORE, *Appellant,* v.   THE SKOOKUM BOX FACTORY, *Defendant,* THE SKOOKUM BOX AND LUMBER COMPANY, *Respondent.*

STATUTE OF FRAUDS—PROMISE TO PAY ANOTHER'S DEBT—IMPROPER JOINDER OF CAUSES OF ACTION.

A verbal promise to pay the debt of another, as consideration for a transfer of property between promisor and promisee, even though the original debt is not discharged by the new promise, does not fall within the statute of frauds, as such verbal promise constitutes merely an agreement of the promisor to pay his own debt.

Under Bal. Code, § 4836, providing that persons severally liable upon the same promissory note may all, or any of them, be included in the same action, a complaint declaring against the maker of a note on his written undertaking, and also against another party on a verbal promise to pay the same note, is not demurrable on the ground of improperly uniting two causes of action.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Reversed.

*E. C. Million,* for appellant.

*Allen & Allen,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, who was plaintiff below, brought this action against the defendant and respondent to recover upon a promissory note.   The complaint alleged that the defendant, the Skookum Box Factory, made and delivered to the partnership of Howard & Butler its certain promissory note for the sum of $500; that before the maturity of said note, the said partnership, for value, indorsed and delivered the note to appellant;

that after the note became due, the defendant, the Skookum Box Factory, sold and delivered certain of its personal property to the respondent, the Skookum Box & Lumber Company, and, as part of the purchase price of said personal property, the respondent "verbally and orally promised the said Skookum Box Factory and agreed with it to pay the note sued upon herein; and that said agreement to pay said note was not in writing, but was part of the consideration of the sale and delivery of said property as aforesaid;" that, in pursuance of said agreement, the Skookum Box & Lumber Company made a partial payment upon said note, to-wit, $20, but refuses to make any further payments thereon, and said note is now due and unpaid. Judgment is demanded against both the defendant and respondent for the balance due upon the note. The respondent demurred to the complaint on the grounds that no cause of action is stated against it, that two causes of action have been improperly united, and that there is a defect of parties defendant. The court below· sustained the demurrer, and, the appellant electing to stand upon his complaint, judgment of dismissal and for costs in favor of the respondent was entered. From that judgment this appeal is taken. The record does not disclose upon which of the grounds stated the court below sustained the demurrer, but it is urged here by the respondent that the promise alleged cannot be enforced, because it is within the statute requiring every special promise to answer for the debt, default, or misdoings of another to be in writing and signed by the party to be charged therewith (Bal. Code, § 4576, subd. 2; 1 Hill's Code, § 2432); and the industrious counsel have collected many cases holding for and against the proposition.

Perhaps few questions have occasioned more controversy, or given rise to more nice and shadowy distinctions, than those arising out of this branch of the statute of

frauds. The cases on the subject are in hopeless conflict, and every attempt heretofore made to classify them, or to draw from them a rule that might be a guide to future decisions, seems rather to have furnished new grounds for controversy than to put the question at rest. The classification made by KENT, C. J., in *Leonard v. Vredenburgh,* 8 Johns. 29 (5 Am. Dec. 317), is justly celebrated; but the authority of his great name was not sufficient to prevent, even in the state where the decision was promulgated, inharmonious and conflicting decisions. POLAND, C. J., in *Fullam v. Adams,* 37 Vt. 391, a case decided in 1864, said:

"The question, whether the defendant's promise was valid without writing, opens the door to an examination to an almost endless extent of judicial discussion and determination, both in England and this country, and we can hardly hope to do more than to add another decision to the long line, which may serve to perplex future explorers into the true extent and meaning of this section of this ancient statute."

In the more than a third of a century that has elapsed since that decision was rendered, the difficulties then felt and expressed by the learned chief justice have grown no less; and today it would seem there were no classes of oral promises, based upon a consideration the execution of which will extinguish the debt of another, which a litigant may not contend to be either within or without the statute, as may suit his interests, and be able to back his contention by a formidable array of authorities. But these observations are made, not so much for the purpose of showing the inutility of attempting to distinguish the cases cited by counsel in this case, as to emphasize the importance of our adhering to our own decisions so far as we have concluded the question presented, and thus, at least,

45—20 WASH.

preserve uniformity in the law within our own juris-
diction.

Unless the distinction suggested by the learned counsel
for the respondent exists between the case at bar and our
former adjudications, we have held that promises of the
character, and founded upon the consideration, of the one
set out in the complaint, are not within the statute of
frauds.  *Don Yook v. Washington Mill Co.,* 16 Wash. 459
(47 Pac. 964)·; *McKenzie v. Puget Sound National Bank,*
9 Wash. 442 (37 Pac. 668, 43 Am. St. Rep. 844); *Ord-*
*way v. Downey,* 18 Wash. 412 (51 Pac. 1047, 63 Am. St.
Rep. 892); *Silsby v. Frost,* 3 Wash. T. 388 (17 Pac. 887).

The distinction suggested is, that in the present case
it clearly appears that the old debt was not discharged by
the new promise, while in each of the cited cases, although
it does not affirmatively appear, the inference is that the
old debt was discharged by the new promise.  Conceding
that there is this difference between the cases, we do not
think it ought to be held to affect the liability.  The rule,
as we have announced it, is not founded upon the principle
of novation; it has for its basis a new consideration, mov-
ing from the promisor to the promisee, creating a liability
on the part of the promisor to pay the beneficiary of the
promise in any event, and irrespective of any debt due
from the promisee to such beneficiary.  While the debt of
the promisee to the beneficiary may be the inducement
which leads to the agreement between the promisor and
the promisee that the obligation due from the one to the
other shall be discharged by the payment to the beneficiary,
such debt forms no part of the consideration for the prom-
ise.  The promisor but agrees to pay his own debt, and he
ought not to be held to be relieved from it simply because
by so doing he incidentally extinguishes the debt of an-
other.  Such seems to be the conclusion of the better con-
sidered cases.  See *Leonard v. Vredenburgh, supra; Lee*

*v. Newman,* 55 Miss. 365; *Muller v. Riviere,* 59 Tex. 640 (46 Am. Rep. 291); *White v. Rintoul,* 108 N. Y. 222 (15 N. E. 318).

The next objection is that two causes of action have been improperly united. It is insisted that the complaint states one cause of action against the defendant, based upon the note, and another and different cause of action against the respondent, based upon an oral promise, made long subsequent to the date of the note, to pay the debt; that these promises are separate and distinct and constitute different contracts, the former affecting the defendant only, and the latter only the respondent. The complaint alleges that the respondent "verbally and orally" promised and agreed to pay the note sued upon. Such a promise, when obligatory, binds the promisor upon the instrument which he agrees to pay to the same extent that it would had the promise been reduced to writing and indorsed upon the instrument itself. It is true the promise is separate and distinct from the promise of the maker of the note and constitutes a new contract; but it is not different in this respect from that of a subsequent indorser or guarantor of a note. By the promise the respondent became separately liable upon the note; and, without considering what would be the rule, independent of the statute, we think § 4836, Bal. Code (2 Hill's Code, § 146), determines the question:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff."

See, also, *Main v. Johnson,* 7 Wash. 321 (35 Pac. 67).

This view renders it unnecessary to discuss the question of defect of parties. The judgment of the court below is reversed, and the cause remanded with instructions to overrule the demurrer.

GORDON, C. J. and DUNBAR and REAVIS, JJ., concur.