[No. 7633.  Decided March 26, 1909.]

## M. W. GAY, *Respondent*, v. JACOB SCHAEFER, *Appellant*.[1]

APPEAL—REVIEW—AMENDMENTS TO CONFORM TO PROOF. Upon an appeal, the complaint will be deemed amended to conform to the facts in an action tried by the court without a jury, where the evidence is brought up.

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—CHATTEL MORTGAGES—ASSUMPTION OF DEBT BY PURCHASER. A promise by the purchaser of mortgaged chattels to pay the mortgage debt if the mortgagee would consent to the transfer, makes the debt the debt of the purchaser, and is not within the statute of frauds, and need not be in writing.

CHATTEL MORTGAGES—ASSUMPTION OF DEBT BY PURCHASER—ATTORNEY'S FEES. The assumption of a mortgage note by the purchaser of mortgaged chattels, includes the attorney's fee provided for in the note.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 28, 1908, upon findings in favor of the plaintiff, granting a deficiency judgment, in an action on a note and to foreclose a chattel mortgage, after a trial before the court without a jury. Affirmed.

*H. E. Foster*, for appellant.

*Edward Brady* and *Geo. H. Rummens*, for respondent.

MOUNT, J.—This action was brought to foreclose a chattel mortgage given by the defendant A. V. Frost, to secure a promissory note for $550, and interest. Jacob Schaefer was made a party defendant, upon an allegation in the complaint that the mortgaged property was conveyed from Frost to Schaefer upon consideration that the latter should pay the debt, and that this promise was made by said Schaefer direct to the plaintiff in order to obtain plaintiff's consent to such conveyance. The defendant Frost defaulted. Defendant Schaefer, after a motion to separately state the

[1]Reported in 100 Pac. 334.

causes of action had been denied, answered, denying general-, ly all the allegations of the complaint. Upon a trial the court found the issues in favor of the plaintiff, and entered a decree foreclosing the mortgage and providing for a deficiency judgment against both defendants. The defendant Schaefer appeals from that judgment.

The principal points made by the appellant are that there was no promise on the part of the appellant to pay the debt of Frost, and if there was such a promise, it was not in writing and was therefore void under the statute of frauds. A point is attempted to be made upon the insufficiency of the complaint, but inasmuch as the case is here upon the facts, we shall not notice the question made upon the pleadings, which are treated as amended if necessary to conform to the facts.

It seems that in July, 1906, the respondent was the owner of a printing plant, consisting of type, presses, etc. At that time the defendants Frost and Schaefer agreed to purchase the plant from respondent for $1,500. Schaefer paid cash for his half interest, and Frost gave his note for $550, the balance due on the purchase price of his own half interest, and also gave a mortgage back on an undivided one-half interest in the property to secure the payment of the note. This mortgage given by Frost to the respondent Gay provided that the mortgaged property should not be sold without the consent of Mr. Gay. About this time Schaefer and Frost entered into a partnership in the printing business. After a time Schaefer desired to purchase the interest of Frost, and thereupon promised respondent Gay that, if he would consent to a transfer of the mortgaged property by Frost to him, he (Schaefer) would pay the balance of the debt from Frost to Gay. Gay agreed to this, and the transfer was made. The note was not paid, and this action resulted.

There is some conflict in the evidence as to whether the appellant agreed to pay the debt due from Frost to respond-

ent, but the respondent's evidence and the surrounding circumstances show pretty conclusively that he did so promise, and we think the finding of the trial court to that effect is amply sustained.

It is not claimed that the promise was in writing, and it is not necessary that it should be. This is not a mere promise to answer for the debt of another. The promise was made upon consideration that the respondent would consent to a transfer of the mortgaged property from Frost to the promisor. Consent was given by the respondent, and the transfer was thereupon made. The debt thereby became the debt of the promisor, and is not within the statute of frauds. *Silsby v. Frost*, 3 Wash. Ter. 388, 17 Pac. 887; *Gilmore v. Skookum Box Factory*, 20 Wash. 703, 56 Pac. 934; *Johnson v. Shuey*, 40 Wash. 22, 82 Pac. 123, and cases there cited. In the last case we said:

"Such a promise does not, of itself, discharge the original debtor, nor does it have that effect when the creditor seeks to collect his debt from the new promisor. The effect of such a promise is, as between the original debtor and his assignee, to make the assignee the principal debtor and the original debtor a surety, but it gives the creditor a right of action against both of them, which he may pursue jointly or severally, as suits his convenience."

Under this rule and the facts found, the appellant was clearly liable for the whole debt, which included the attorney's fees provided for in the note.

There is no error in the record, and the judgment is therefore affirmed.

RUDKIN, C. J., CROW, DUNBAR, GOSE, CHADWICK, and FULLERTON, JJ., concur.