[No. 10036.  Department Two.  March 4, 1912.]

WELLS & MORRIS, *Appellant*, v. J. T. BROWN *et al.*,
*Respondents*.[1]

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—ORIG-
INAL UNDERTAKING.  Where a contractor for dwellings sublet the
plumbing, and failed to pay for the work, the owner's oral promise
to the plumber to pay him, if he would not file a lien against the
premises, is an original undertaking, and not a promise to answer
for the debt or default of another within the statute of frauds.

SAME—ORIGINAL UNDERTAKING—CONSIDERATION—SUFFICIENCY.  An
agreement not to file a mechanics' lien against property is a suffi-
cient consideration for the oral promise of the owner to pay for the
work, so as to make the promise an original undertaking and not
within the statute of frauds, and it is immaterial that the right to
file the lien could have been contested for failure to comply with
the statute relating to duplicate statements of the material fur-
nished.

APPEAL—RECORD—TRANSCRIPT—SUPPLEMENTAL TRANSCRIPT—JURIS-
DICTION—TIME FOR TAKING APPEAL—MOTION FOR NEW TRIAL.  Where
the original transcript failed to show the filing marks below that
would make the appeal within time to give jurisdiction, it may be
shown by a supplemental transcript that the time for taking an
appeal was suspended by the pendency of a motion for a new trial
seasonably made, and time for taking an appeal would run from
the denial of the motion, and not the date of the judgment.

Appeal from a judgment of the superior court for Chelan
county, Grimshaw, J., entered May 6, 1911, upon the ver-
dict of a jury rendered in favor of the defendants by direc-
tion of the court, dismissing an action on contract.  Re-
versed.

*Martin & Barrows*, for appellant.

*Reeves, Crollard & Reeves*, for respondents.

MORRIS, J.—Sometime in March, 1910, the respondents
entered into a contract with E. D. Utter to build two cot-
tages.  Utter sublet the plumbing to the appellant.  He
failed, however, to pay appellant the agreed price for the

[1]Reported in 121 Pac. 828.

plumbing, and appellant sought to obtain the amount due from respondents. It is alleged in the complaint that appellant was about to file a lien upon the property for the amount it claimed to be due, when an agreement was entered into between appellant and respondent J. T. Brown, wherein Brown did orally promise, in case appellant did not file its claim of lien, he would pay appellant the sum of $348.10, the amount of its claim; that, relying upon the promise to pay, appellant permitted its time for filing lien to expire, when respondents refused to pay the claim, and the action was brought. The defense was a general denial. Upon the trial, the court, upon respondents' motion, directed a verdict in their behalf, and this appeal follows.

The ground urged by respondents in support of the motion was that the promise proved by appellant was one to answer for the debt of another, and within the statute of frauds. It will not be denied that any oral promise whereby one binds himself to answer for the debt of another is within the statute of frauds. It is equally well established that, when the promisor, for a valuable consideration, assumes to pay a debt contracted by another, he may, by his language, make the debt his own, and assume an original and not a collateral undertaking. This was, we think, the character of the promise pleaded and proved by appellant. Mr. Wells testified that J. T. Brown came into the office of appellant and was told that Utter had failed to pay the account, and that, unless it was paid promptly, a lien would be filed, and that Brown then said he did not want any lien filed against his property, "and if we would give him a little additional time, that he would pay the account. I told him that would be satisfactory," and that, relying upon this promise of Brown, he did not file a lien, and let the time for such filing elapse. This conversation was corroborated by Morris. Utter also testified that Brown told him that he would pay the Wells & Morris account. The conversation with Utter is not relied upon, other than for its corroborative value upon

the promise made direct to appellant. If Brown used the language attributed to him by Wells and Morris, his promise was an original one, the debt thus became his own, and is not within the rule of the statute of frauds. We have so often held that such a promise is an original one to answer for one's own debt, and hence not within the statute, that it will not be necessary to say anything further, except to refer to the cases where such rule has been applied. *Don Yook v. Washington Mill Co.,* 16 Wash. 459, 47 Pac. 964; *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934; *Norby v. Winsor,* 24 Wash. 535, 64 Pac. 726; *Dimmick v. Collins,* 24 Wash. 78, 63 Pac. 1101; *Gay v. Schaefer,* 52 Wash. 269, 100 Pac. 334; *Johnson v. Shuey,* 40 Wash. 22, 82 Pac. 123; *Burns v. Bradford-Kennedy Lumber Co.,* 61 Wash. 276, 112 Pac. 359; *Goldie-Klenert Distributing Co. v. Bothwell,* ante p. 264, 121 Pac. 60.

The relinquishment of the right to file the lien upon respondents' property was a sufficient consideration to support the promise. 29 Am. & Eng. Ency. Law (2d ed.), 934; 20 Cyc. 192. In this connection, respondents contend that appellant was not entitled to a lien, for failure to comply with the statute requiring materialmen, before a claim for material is enforceable as a lien, to deliver duplicate statements of the material to the owner. It is immaterial whether appellant was entitled to a lien or not. Respondents chose not to contest it, nor rely upon any defense they might have had to its enforcement, and they cannot now impeach it. *Crans v. Hunter,* 28 N. Y. 389; *Seaman v. Seaman,* 12 Wend. 381; *Stewart v. Ahrenfeldt,* 4 Denio 189; *Fish v. Thomas,* 5 Gray 45, 66 Am. Dec. 348; *Young v. French,* 35 Wis. 111; *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884.

Respondents move to dismiss the appeal, upon the ground that the record does not show jurisdiction in this court, in that the appeal was not taken within time. The original

transcript here filed failed to show the filing marks below, so that it could not be told within what time the notice of appeal or bond was filed. It also showed the entry of judgment May 6, 1911, and notice of appeal August 14, 1911. This would make the appeal too late. A supplemental transcript, however, shows these filing marks, and a motion for a new trial filed May 1 and denied June 1. This would make the appeal within time, as we have uniformly held that, when a motion for a new trial was seasonably made, the time for appeal would run from the denial of such motion. *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839; *State ex rel. Payson v. Chapman*, 35 Wash. 64, 76 Pac. 525; *Kubillus v. Ewert*, 40 Wash. 38, 82 Pac. 147; *Wittler-Corbin Mach. Co. v. Martin*, 47 Wash. 123, 91 Pac. 629; *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264.

It follows from what we have said that the court below was in error in directing a verdict for respondents. The cause should have been submitted to the jury, under appropriate instructions to find for plaintiff or defendant as they might determine the fact as to the making of the promise alleged and testified to by appellant and its witnesses. The judgment is reversed, and the cause remanded for a new trial.

DUNBAR, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.