[No. 12542. Department One. August 20, 1915.]

## SAMUEL T. GINNETT, JUNIOR, *Respondent*, v. R. W. GREENE, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in refusing to require an election is harmless where, at the trial, plaintiff elected to try the case upon one theory, which was the equivalent of sustaining a demurrer to the other cause of action.

BILLS AND NOTES—INDORSER—LIABILITY—NOVATION. One who indorses a promissory note and engages to pay it in any event, in consideration of the sale of stock, is primarily liable to the payee on the theory of a novation, and it is immaterial whether the original makers were released or not.

FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER—DIRECT PROMISE. An agreement by the purchaser of stock to pay the seller's stock note, as part of the purchase price, is not an agreement to pay the debt of another, within the statute of frauds, but is an agreement to pay his own debt; and may be sued on by the creditor of the seller holding the stock note.

SAME—ORAL OR WRITTEN PROMISE. The indorsement of a note in consideration of the sale of stock is not an oral promise, but is an engagement in writing, within the statute of frauds.

BILLS AND NOTES—INDORSEMENT—CONSIDERATION. Under Rem. & Bal. Code, § 3415, a consideration is implied from the indorsement of a promissory note.

APPEAL—HARMLESS ERROR—MISCONDUCT OF COUNSEL—ARGUMENT. In the absence of a showing of prejudice, unwarranted comments of counsel in argument do not warrant a reversal, especially where the jury was instructed to disregard them.

[1]Reported in 151 Pac. 99.

Appeal from a judgment of the superior court for What-com county, Pemberton, J., entered May 11, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a promissory note. Affirmed.

*Craven & Greene*, for appellant.
*Dave Hammack*, for respondent.

CHADWICK, J.—This action was brought to recover upon a promissory note executed by George V. Wetzel and wife in favor of respondent and afterwards indorsed by appellant.

Appellant set up in his answer, and the question seems to have been tried out to the jury, that he was not to be bound by his indorsement of the note; that he had engaged as an attorney to assemble the assets of a business in which respondent and others were stockholders to pay the debts, and thereafter, if a surplus remained, to pay it to respondent and others to whom it belonged. There is testimony sufficient to sustain the finding of the jury that defendant bought stock in the company on his own account, that he engaged to pay the note sued on, and evidenced his promise by writing his name on the back of the note. This brings us to the legal questions raised by the assignments of error.

Appellant contends that the court erred in overruling a motion to compel respondent to separately state his causes of action. Granting, but without holding, that two causes of action are contained in the complaint, no prejudice resulted, because upon appellant's motion respondent elected upon the trial to try his case upon the theory of novation. This is equivalent to a demurrer sustained to the other cause of action if it be a separate cause.

It is insisted that a novation cannot be sustained unless there was a release of Wetzel and his wife; that they cannot be released by an oral promise; that there can be no release under the statute unless it be by a writing or a surrender or a yielding up of the note. There being no such release in writing or a surrender of the note, there is no consideration

for appellant's promise and respondent cannot recover. Appellant cites Rem. & Bal. Code, § 3512 (P. C. 357 § 243); *Baldwin v. Daly,* 41 Wash. 416, 83 Pac. 724; *Pitt v. Little,* 58 Wash. 355, 108 Pac. 941. But the cases cited and the statute relied on are of no avail to appellant. It may be that Wetzel and wife might not be heard to deny a liability under the negotiable instruments law unless they could show a release in writing, but defendant is bound under his promise to pay in any event. *Handsaker v. Pedersen,* 71 Wash. 218, 128 Pac. 230. Respondent is not attempting to hold the Wetzels. He had plead a release and testified that they were released. We know of no rule that would prevent one for whose benefit a statute is made from waiving it, or from placing himself in a position where he would be estopped to bring a suit against the primary debtor, as he has in this case. *Masterson v. Union Bank & Trust Co.,* 86 Wash. 560, 150 Pac. 1126. Nor is it material whether the Wetzels were released. *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934.

It is next contended that the respondent, having knowledge of the facts under which appellant indorsed the note, is not a holder in due course and is subject to the defense that appellant was not to be bound by his indorsement unless he realized enough out of the dividends of the company to pay it. It is a sufficient answer to this contention to say that the parties submitted testimony upon this issue and the jury found against appellant. Had appellant been denied the right to offer evidence to sustain his affirmative defenses, a question of law would have been raised for our determination.

It is also insisted that the promise of defendant as made is an oral promise to pay the debt of another and cannot be enforced under the statute of frauds. While the indorsement of his name is probably sufficient to hold appellant in any event, we can come to no other conclusion—the jury having found against him upon the facts—than that his engagement is not a promise to pay the debt of another, but a promise to

pay his own debt. Wetzel and wife gave the note in payment of certain stock in the company. They sold the stock to appellant. He gave a note to Wetzel for a part of the purchase price, and indorsed his name upon the Wetzels' note as an evidence of his obligation to pay respondent the amount due him for the same stock. He was not a voluntary indorser without benefit to himself. He did not agree to pay the debt of another. He promised, in consideration of the transfer of the stock to him, to pay for it.

An agreement to pay a purchase price to a third party for the benefit of a vendor is not a promise to pay the debt of another. It is a direct promise in law and may be sued on by the creditor of the vendor. *Gilmore v. Skookum Box Factory, supra,* citing other cases, *Dimmick v. Collins,* 24 Wash. 78, 63 Pac. 1101; *Norby v. Winsor,* 24 Wash. 535, 64 Pac. 726; *Johnson v. Shuey,* 40 Wash. 22, 82 Pac. 123; *Gay v. Schaefer,* 52 Wash. 269, 100 Pac. 334; *Wells & Morris v. Brown,* 67 Wash. 351, 121 Pac. 828, Ann. Cas. 1913 D. 317.

Finally, it is contended that the court refused to instruct the jury that the promise was oral and that the statute of limitations had run. The promise was not oral. The indorsement of his name by the appellant was an engagement in writing to pay the debt described in and evidenced by the note. Neither was it error for the court to instruct that a consideration was implied by the indorsement. Rem. & Bal. Code, § 3415 (P. C. 357 § 47). This assignment is not well taken for the further reason that, notwithstanding the instruction, a consideration was found by the jury to exist.

We have not overlooked the contention that appellant was prejudiced by the misconduct of counsel. It is true that counsel indulged in unnecessary and unwarranted comments, but we cannot think that a jury would be influenced by any of them unless it would be to the prejudice of the respondent. As a rule jurors are fair and are not moved by personal remarks or aspersions when indulged by counsel in the heat of a trial. Having some knowledge of and confidence in human

nature, we are inclined, in the absence of a showing or a state of facts compelling the inference of prejudice, to hold that such remarks do more harm than good to the one who relies upon them. Upon objection made, the court instructed the jury "to disregard anything that was not based upon the court's instructions and the facts." Under many of our decisions this was sufficient, for, as was said in Neitzel v. Spokane International R. Co., 80 Wash. 30, 141 Pac. 186:

"If a new trial were granted for every departure from the record committed on the firing line in hotly contested cases, such cases would never end. The zeal of counsel often leads them, in the heat of debate, to make statements and to draw deductions not fully warranted by the record, and, except in cases of grave abuse of privilege, it must be presumed that the jury heeded the admonition of the court and determined the case upon the evidence."

We find no error. Affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and MAIN, JJ., concur.