## No. 11,774.

### HOUSTON *v.* ENGLEWOOD LUMBER CO.

Decided March 7, 1927.

Action on contract.   Judgment for plaintiff.

*Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Complaint—Contract—Consideration.*   A complaint which alleges that defendant agreed to pay a balance due for material furnished a contractor for defendant's buildings, if plaintiff would waive his materialman's lien therefor, states a cause of action, so far as consideration for the contract is concerned.

2. ACTIONS—*Account.*   Defendant having received and retained without objection itemized bills for material furnished his contractor by plaintiff, and subsequently asking for and receiving a bill of particulars covering the same items, could not have been misled as to the amount or nature of plaintiff's claim.

3. APPEAL AND ERROR—*Court Rulings.*   Rulings of the trial court in favor of defendant and of which plaintiff did not complain, will not be considered on review.

4. CONTRACT—*Payment.*   In an action for material furnished the contractor of defendant owner, the latter is held not to be entitled to a credit for money paid the contractor to reimburse him for expenditures for material, when he had knowledge that the payment by the contractor was made by means of a check upon which the materialman realized nothing.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. JOHN S. STIDGER for plaintiff in error.

Mr. HENRY HOWARD, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION on contract by Englewood Lumber Company against Houston. Judgment for plaintiff. Defendant brings the case here on error and asks for a supersedeas. We designate the parties as aligned in the trial court.

The complaint stated two causes of action, but since plaintiff admits that there was no evidence to support the second cause, and did not recover on it, we limit our review to the first, to ascertain if the pleadings and evidence are sufficient to sustain the judgment.

The substance of the charge is that defendant owned some lots in Denver and employed a building contractor to erect two houses on them; that plaintiff furnished materials therefor, and was entitled to a mechanic's or materialman's lien, but that defendant agreed to pay the balance due if plaintiff would waive its lien; that plaintiff acceded to this arrangement, and did not file lien statement, relying on defendant's promise; the contractor abandoned the work and defendant completed it; defendant paid only a part of amount due and refuses to pay balance; the contractor is insolvent. Plaintiff prayed judgment for unpaid balance and recovered.

1. The complaint stated a cause of action. *Wells & Morris v. Brown,* 67 Wash. 351, 121 Pac. 828, Ann. Cas. 1913D, 317; *Schade v. Miller,* 75 Ore. 225, 146 Pac. 144; *Allmendinger v. Malcom McDonald Lumber Co.,* 82 Ill. App. 166; 13 C. J. 344, note 21.

2. Defendant was furnished with itemized bills on numerous occasions, which he received without objection. He promised to pay, and did pay part. He made three payments of five hundred dollars each after he received plaintiff's statements, and was given credit therefor. The proof in the above and other respects supported the complaint. True, defendant denied the testimony of plaintiff's witnesses, but the court found for plaintiff, and evidently believed that defendant was mistaken in his recollections. Defendant's counsel demanded a bill of particulars, which was furnished him, but it developed from defendant's subsequent admissions on the stand

that he had received from plaintiff the same detailed accounts before the trial, substantially duplicating the bill of particulars. We believe that defendant was not misled.

3. We do not gather any impression that the record evinces a deliberate purpose on defendant's part to avoid payment of a just bill, but only a mistaken idea of what his rights were. His dealings with the building contractor, Gardner Construction Company, were unfortunate. This company gave plaintiff a bad check for $980, and plaintiff gave the company a receipted bill for the amount then due. The company showed the receipt to defendant, causing him to believe that a bona fide payment had been made, and on the strength of it, the company succeeded in getting $600 from defendant on the contract price. The court allowed this credit to defendant. We are not concerned with the propriety of this allowance, since it redounded to defendant's benefit and plaintiff does not complain. Defendant, however, claims a further credit of $500 which he declares was paid to the contractor on the strength of the same receipt, but he is not entitled to such credit on plaintiff's bill, for the reason that defendant paid the latter sum to the contractor after defendant knew that the $980 check was bad. Plaintiff acted with diligence, deposited the check promptly, and notified defendant immediately after the bank informed plaintiff that the check was dishonored. The amount then due, together with subsequent debits and credits, make up the sum of the money judgment.

The supersedeas will be denied and the judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.