328 So.2d 213 (1976)
JIM & SLIM'S TOOL SUPPLY, INC., a Florida Corporation, Appellant,
v.
METRO COMMUNITIES CORPORATION, a Florida Corporation, Appellee.
No. 75-549.
District Court of Appeal of Florida, Second District.
March 10, 1976.
*214 Richard M. Robbins, Clearwater, for appellant.
Howard P. Ross, of Battaglia, Ross, Parker & Stolba, St. Petersburg, for appellee.
McNULTY, Chief Judge.
Appellant-materialman, Jim & Slim's Tool Supply, Inc., appeals from an order dismissing its complaint against appellee, Metro Communities Corporation (hereinafter owner). We reverse.
The complaint alleged that the appellant had, pursuant to the request of Consolidated Construction Company (subcontractor hereinafter) furnished various building materials to be used by the subcontractor in building apartments for owner. It is further alleged that owner's agent had orally agreed during the week of March 25, 1974 to "guarantee" payment of some $800 for materials previously delivered to the subcontractor (the subcontractor being then in default), in consideration for which appellant agreed to continue furnishing materials to the job and to forbear from filing a Claim of Lien against owner's real property. This action seeks to recover some $3,465.00 under this "guarantee" agreement.
*215 Upon owner's motion, the trial court entered an order dismissing the complaint on two theories. First, the court held that enforcement of the contract was barred by the general Statute of Frauds, § 725.01, F.S. 1973, in that it was a special oral promise to answer for the debt or miscarriage of another (the subcontractor) within the meaning of the statute. Alternatively, the court held that such oral guarantee is unenforceable under the "Statute of Frauds" provision of the Uniform Commercial Code, § 672.201, F.S. 1973, in that it is an oral contract for the sale of goods in excess of $500. We cannot agree with either theory.
As to the general Statute of Frauds, § 725.01, supra, we hold that the owner's oral promise in this case is not within the purview thereof. The pivotal question on the applicability of that statute is whether the promise is, in fact, an actual assumption of the liability of another with consideration flowing only to such other or, to the contrary, is an original undertaking of the promisor himself supported by independent consideration flowing to him. Florida case law on the point, though not in so many words, is in accord with the weight of authority in following what Corbin calls the "leading object" rule[1] wherein if the promise to pay the debt of another is independent and unconditional, and is made for a valuable consideration of direct pecuniary value to the promisor (that is to say, the "leading object" being to benefit the promisor), the transaction is not within the statute.[2]
Although no Florida case has dealt with whether forbearance in the filing of a claim of lien satisfies the "leading object" test, the weight of sister authority holds that the abandonment of a lien by such forbearance constitutes a new and independent consideration sufficient to take an owner's promise to pay an indebtedness owed to a materialman by a contractor outside the statute.[3] Here, the owner's primary motivation for entering into the contract with the appellant was to avoid the attachment of a materialman's lien clouding his title. As a consequence too, of course, the merchantability of his apartments was protected. Clearly, as in the foregoing cases, such "pecuniary" interest directly to the owner brings this case within the "leading object" rule.
Concerning, now, the Statute of Frauds provision of the Uniform Commercial Code, § 672.201, supra, we hold that it is equally ineffective as a bar to enforcement of the contract sued on herein. Assuming without deciding that materialmen's contracts in the building trade are within the purview of the statute, subsection (3)(c) thereof provides that oral contracts for the "sale" of goods "which have been received and accepted" are enforceable. Here, the materials supplied by appellant at the instance of the owner after the promise sued on were surely delivered pursuant to the new agreement and were "received and accepted" within the contemplation of the statute. We think the "Statute of Frauds" provision thereof is therefore inapplicable as to them.[4] With respect to the materials supplied before the "guaranty" contract sued on, they were not delivered pursuant to a "contract for sale" within the definition thereof in the Uniform Commercial Code, § 672.106, F.S. *216 1973. The statute is thus inapplicable as to them.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] See 2A. Corbin Contracts § 368 (1950).
[2] See Bensam Corp. v. Felton (Fla. 1953), 63 So.2d 278; 15 Fla.Jur. Statute of Frauds § 4 (1957).
[3] See, eg., Cox v. Halloran, 82 App.Div. 639, 81 N.Y.S. 803 (1903), appeal dismissed 179 N.Y. 533, 71 N.E. 1129 (1904); Wells & Morris v. Brown, 67 Wash. 351, 121 P. 828 (1912); 72 Am.Jur.2d Statute of Frauds § 253 (1974); Annot. 99 A.L.R. 79, 118 (1935).
[4] 1 R. Anderson Uniform Commercial Code § 2-201:39 (2d ed. 1970).